# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN WALKER,

    Plaintiff

v.

ISIDRO BACA, et. al.,

    Defendants

Case No.: 3:19-cv-00021-MMD-WGC

**Order**

Re: ECF No. 39

Plaintiff has filed a Motion for the Addition of Two Identified Defendants for Count Two- Retaliation. (ECF No. 39.)

Plaintiff notes that the court allowed him to proceed with a retaliation claim in Count II of the Second Amended Complaint (SAC) against defendant Sorich. Plaintiff contends that the court did not comment on the actions of Officer Sepulveda or Officer Joncas as described at ECF No. 10-1 at 10. Plaintiff wants to include Sepulveda and Joncas as defendants in the retaliation claim in Count II.

Preliminarily, Plaintiff did not list Sepulveda or Joncas in the caption of the SAC. (ECF No. 10-1 at 1.) Nor are they listed out in the body of the SAC as defendants. (ECF No. 10-1 at 2-3.)

Plaintiff alleges that Sorich told Plaintiff to leave when he wanted to get his blood pressure checked, and when he asked for a grievance, Sorich threatened to write Plaintiff a notice of disciplinary charges. The court allowed Plaintiff to proceed with his retaliation claim against Sorich based on these allegations. Plaintiff goes on to allege that when he returned to his unit his property was thrown on the floor and his mattress was flipped over, and a grievance form was on

the mattress. An officer on duty told Plaintiff he would be better off if he left it alone. Plaintiff then includes the names of Officer Sepulveda and Officer Joncas in parenthesis. (ECF No. 10-1 at 10.) Plaintiff does not specifically allege what involvement Sepulveda and Joncas had in the throwing of the property. Nor does Plaintiff specifically allege a connection between his protected conduct (asking for a grievance), and these defendants. For example, he does not allege that they were aware he asked for a grievance, and then took part in some adverse action (presumably he is asserting that putting his property on the floor and flipping his mattress is the adverse action).

In sum, as it stands, the SAC does not name Sepulveda and Joncas as defendants, and does not include allegations sufficient to state a retaliation claim against them. Therefore, Plaintiff's motion to add two defendants to the retaliation Claim in Count II is denied.

**CONCLUSION**

Plaintiff's motion to add Sepulveda and Joncas as defendants in the retaliation claim in Count II (ECF No. 39) is **DENIED**. If Plaintiff seeks to add Sepulveda and Joncas as defendants to the retaliation claim in Count II, he must file a motion for leave to amend, which attaches a proposed third amended complaint in compliance with Local Rule 15-1. Sepulveda and Joncas must be listed as defendants in the third amended complaint, and there must be sufficient allegations to state a retaliation claim against them. That means that the pleading must describe what exactly they did and include allegations sufficient to demonstrate a causal link between any protected activity of the plaintiff and any alleged adverse action taken against Plaintiff because of his protected activity. The third amended complaint must be complete in and of itself and must not refer to or incorporate prior pleadings. Any claims or parties not carried forward in the third amended complaint will not proceed in this action. Plaintiff is not given leave to add any

other new claims or parties, and the third amended complaint should otherwise set forth the claims and parties that were allowed to proceed, and add the allegations against these new defendants with respect to the retaliation claim in Count II. The court may strike any amended pleading that does not conform to this order, and then the action will proceed as outlined in the order screening the SAC. Any amended pleading must be filed on or before **August 2, 2021**. If Plaintiff chooses to file a third amended complaint, the court will screen the pleading, which may result in this matter being delayed for some time.

**IT IS SO ORDERED**.

Dated: July 12, 2021

_____
William G. Cobb
United States Magistrate Judge