# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| JOHN WALKER,<br><br>　　　　　　　Plaintiff,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-00021-MMD-CSD<br><br>ORDER |

　　*Pro se* Plaintiff John Walker brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 91), primarily recommending that the Court grant in part, and deny in part, Defendants' motion for summary judgment (ECF No. 80 ("Motion")). The parties had until November 1, 2022, to file an objection. To date, no objections to the R&R have been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Walker's request for voluntary dismissal of the retaliation claims against Sorich and Joncas in Count II, deny Walker's request to deny or hold in abeyance Defendants' Motion under Rule 56(d), and grant in part, and deny in part, Defendants' Motion.

　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Judge Denney first notes that Walker stated in response to the Motion that he voluntarily withdrew his retaliation claims against Sorich and Joncas, so Judge Denney recommends that those claims be dismissed without prejudice. (ECF No. 91 at 3.) Judge Denney next recommends that Walker's request to deny or hold in abeyance Defendants' motion for summary judgment under Rule 56(d) should be denied because Walker was given many extensions of time to complete discovery and his request does not otherwise meet the requirements of Rule 56(d). (*Id.* at 6.) Judge Denney then analyzes, in detail, Defendants' Motion, recommending that it be granted in part and denied in part. (*Id.* at 6-19.) The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 91) is accepted and adopted in full.

It is further ordered that Walker's request for voluntary dismissal of his retaliation claims against Sorich and Joncas in Count II is granted. Those claims against those two Defendants are dismissed without prejudice.

It is further ordered that Walker's request to deny or hold in abeyance Defendants' Motion under Rule 56(d) is denied.

It is further ordered that Defendants' Motion (ECF No. 80) is granted in part, and denied, in part, as specified below.

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment deliberate indifference to serious medical needs claims in Count II against Dr. Naughton and Sorich, and the Eighth Amendment conditions of confinement claim against Walsh in Count III because Plaintiff failed to exhaust his administrative remedies as to these claims.

///

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment conditions of confinement claim in Count I concerning ventilation against Walsh and Dzurenda.

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment conditions of confinement claim in Count I concerning broken windows against Walsh and Dzurenda.

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment conditions of confinement claim in Count I concerning broken doors against Ward, Walsh, Mooney, Mattice, and Dzurenda.

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment conditions of confinement claim in Count I concerning ceiling tiles against Ward, Walsh, Mattice and, Dzurenda.

It is further ordered that Defendants' Motion is granted as to the Eighth Amendment conditions of confinement claim in Count I concerning asbestos against Baca, Ward, Walsh, Mooney, Mattice, and Dzurenda.

It is further ordered that Defendants' Motion is denied as to the Eighth Amendment conditions of confinement claim in Count I concerning broken windows against Baca, Ward, Mooney, and Mattice.

It is further ordered that Defendants' Motion is denied as to the Eighth Amendment conditions of confinement claim in Count I concerning broken doors against Baca.

It is further ordered that Defendants' Motion is denied as to the Eighth Amendment conditions of confinement claim in Count I concerning ceiling tiles against Mooney and Baca.

///
///
///
///
///

1  It is further ordered that, pursuant to LR 16-5, the Court finds it appropriate to refer this case to Magistrate Judge Craig S. Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 7th Day of November 2022.

```
_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE
```